UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTOINETTA DEPINA,

    Plaintiff,

v.                                  CASE NO. 3:05-cv-219-J-25MMH

IRON MOUNTAIN INFORMATION
MANAGEMENT, INC., a foreign
corporation, d/b/a IRON MOUNTAIN
RECORDS MANAGEMENT, INC.,

    Defendant.
_____/

## ORDER

    **THIS CAUSE** is before this Court on Plaintiff's Motion for Remand and Memorandum in Support Thereof (Dkt. 7) and Defendant's response in opposition thereto (Dkt. 9). Upon consideration of the same, this Court finds as follows.

    This is an action for damages based upon a temporary employee's slip and fall at work. On January 24, 2005, Plaintiff filed suit in the Fourth Judicial Circuit in and for Duval County. Service was perfected upon Defendant on February 11, 2005, and on March 4, 2005, Defendant filed its Notice of Removal premised on diversity jurisdiction. *See* 28 U.S.C. §1332(a).

    Plaintiff has moved to remand, arguing that the amount in controversy does not exceed $75,000.00. Defendant, on the other hand, maintains that a pre-suit settlement demand letter from Plaintiff confirms that Plaintiff is seeking damages in excess of $75,000.00. Defendant appears to be asserting that this demand letter qualifies as "other paper" in the file that would satisfy the amount in controversy requirement. 28 U.S.C. § 1446(b).

    28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ....

*Id.*

While case law would permit this Court's consideration of a post-suit demand letter in determining if the amount in controversy requirement for diversity jurisdiction has been satisfied, *Martin v. Mentor Corp.*, 142 F.Supp.2d 1346 (M.D. Fla. 2001); *Golden Apple Management, Co., Inc. v. GEAC Computers, Inc.*, 990 F.Supp. 1364 (M.D. Ala 1998), a different situation confronts this Court. This Court is being asked to consider a pre-suit settlement demand letter as the basis for a satisfying the amount in controversy. This Court is not inclined to expand the definition of "other paper" in such a manner.[1] *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992); *Jade East Towers Developers v. Nationwide Mutual Ins. Co.*, 936 F.Supp. 890, 891 (N.D. Fla. 1996). *But see Golden v. Dodge-Markham Co., Inc.*, 1 F.Supp.2d 1360, 1364 (M.D. Fla. 1998). Accordingly, Plaintiff's motion to remand is due to be granted.

---

[1] In deciding this matter, this Court is mindful of the requirement that removal jurisdiction should be strictly construed. *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100 (1941).

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Remand and Memorandum in Support Thereof (Dkt. 7) is **GRANTED**.

2. This cause is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

3. This Court will retain jurisdiction over this matter solely for the determination of whether Plaintiff is entitled to costs and fees.

**DONE AND ORDERED** in Chambers this 1ST day of June, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record